Arbor-Myrtle Beach PE LLC v Frydman (2023 NY Slip Op 50712(U))

[*1]

Arbor-Myrtle Beach PE LLC v Frydman

2023 NY Slip Op 50712(U)

Decided on July 13, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
Supreme Court, New York County

Arbor-Myrtle Beach PE LLC, Plaintiff,

against
Jacob Frydman, Defendant.

Index No. 657133/2019

Robert R. Reed, J.

Plaintiff Arbor Myrtle Beach PE LLC moves to confirm, in part, and reject in part, the special referee's report recommending that plaintiff's law firm receive $149,377.77 in attorneys' fees and expenses. Plaintiff moves to reject the referee's recommendation of a 40% reduction of the claimed fees. In sum, plaintiff seeks an order awarding it a total of $249,758.29. No opposition to the motion was filed. 
The court, upon application of a party, "shall" confirm an arbitration award unless the respondent proffers a ground for vacatur or modification specified in CPLR 7511 (CPLR §7510; Bernstein Family Ltd. Partnership v. Sovereign Partners L.P., 2009, 66 AD3d 1 [1st Dept 2009]).
CPLR §7511 (c) provides that the court shall modify an award if: (1) there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy.
"The scope of judicial review of an arbitration proceeding is extremely limited" and courts are "obligated to give deference to the decision of the arbitrator" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]). "An arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached" (id. at 479).
"To modify or vacate an arbitration award, a court must find: 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (id. at 481).
Here, plaintiff argues that the special referee violated clear legal principles in deciding the requested fees of its attorneys be reduced by 40%. The referee in his recommendation, declined to allow plaintiff's attorneys to recover any of its fees and costs incurred in connection with the fee application and related proceedings, reduced the fee award due to purported [*2]duplication of legal services, reduced plaintiff's attorney fee claim due to its use of 'block billing,' and allegedly miscalculated the percentage reduction of a fee award.
Plaintiff contracted with United 945 82nd Parkway Fee LLC concerning a preferred equity investment in a real estate venture and under that contract, defendant signed a guaranty. Plaintiff submits it is entitled to recover "fees on fees" pursuant to sections 1.10 and 5.8 of that guaranty.
Section 5.8 of the Guaranty, which covers the terms for indemnity and expenses, provides that:
Guarantor hereby indemnifies Equity Provider from and against any and all claims, losses, damages and liabilities growing out of or resulting from this Guaranty, including enforcement of this Guaranty, except claims, losses, damages or liabilities resulting from Equity Provider's gross negligence and willful misconduct. Guarantor will upon demand pay to Equity Provider the amount of any and all expenses, including the reasonable fees and expenses of Equity Provider's counsel and of any experts and agents, which Equity Provider incurs in connection with (i) any amendment to this Guaranty, (ii) the administration of this Guaranty, (iii) the exercise or enforcement of any of the rights of Equity Provider under this Guaranty, or (iv) the failure by Guarantor to perform or observe any of the provisions of this Guaranty.
The referee recommended that the petitioner's award be reduced by $77,000, rejecting plaintiff's attempt to obtain attorneys fees incurred as a result of the petitioner's efforts in enforcing the terms of the guaranty. Plaintiff argues that the special referee erred in disallowing all fees incurred in seeking to recover attorney's fees. Plaintiff submits that it is entitled to such recovery under the plain language of the contract and by the equities: plaintiff was forced to engage in a lengthy process where fees were driven up by virtue of defendant's unresponsiveness throughout the process.
The plain language of section 5.8 allows for the recovery of "claims, losses, damages and liabilities" arising out of the enforcement of the guaranty. Attorneys fees are recoverable as "losses" arising out of the enforcement of a written agreement (Square Mile Structured Debt (One), LLC v Swig, 110 AD3d 449 [1st Dept 2013][[a] defendant, who was party to an indemnification clause, was entitled to attorney's fees in an intra-party dispute, where the indemnification clause provided coverage of extremely broad claims, and the clause was consistent with other clauses that have been held to provide for indemnification of attorney's fees for intra-party disputes]).
"To modify or vacate an award on the ground of manifest disregard of the law, a court must find 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (Wien & Malkin LLP, 6 NY3d at 481)
Section 5.8 of the agreement was not discussed in the referee's analysis. Therefore, this court is inclined to find the report in error of the clearly defined law with respect to the recovery of fees (id. at 481). Accordingly, plaintiff is entitled to recover legal fees incurred as a result of its pursuit of claims in accordance with Section 5.8 the guaranty.
The special referee then discounted the legal fee award by 5%, finding that the 'revise and review' tasks, undertaken by attorneys Bogale and Speyer, were duplicative. Plaintiff refutes the assertion that its legal services were duplicative and disputes that characterization. Counsel argues their fees should not have been discounted by 5%, and alleges the referee made a [*3]mathematical error in calculating the final award. The special referee recommended a 5% reduction of $39,500, which amounts to $1,975. Plaintiff submits that the referee thus erred in recommending a $17,954 reduction.
It appears to the court that the referee made a simple typographical error in calculating the recommended fee reduction. However, plaintiff's arguments for obviating the reduction do not warrant overturn of the referee's findings of duplication, which are not clearly erroneous. As such, the 5% reduction stands but is modified to reflect the accurate value of $1,975.
Next, plaintiff objects to the recommendation to reduce plaintiff's fees by 10% for block-billing. Plaintiff submits detailed and informative time entries in connection with its invoices. Use of block billing is a common practice among law firms and courts only permit reduction in fees should its use "makes it exceedingly difficult for the court to identify whether the amount of time spent on a particular task is reasonable" (546-552 W 146th St. LLC v Arfa, 99 AD3d 117, 123 [1st Dept 2012]). The referee did not find in his report that the block billing encumbered his analysis of time spent on particular tasks but rather appeared to take a categorical approach to the reduction. This amounts to clear legal error: absent a finding that the block billing practice obscured the nature of attorney's actions and connected fees, the referee is not entitled to discount services for use of a common billing practice. As such, the 10% reduction is unwarranted.
Finally, plaintiff objects to the special referee's reduction of the fee award by 10%, due to the referee's determination that plaintiff failed to adequately establish the credentials of other attorneys who worked on the case. The referee notes that the plaintiff failed to present evidence of the legal expertise of other named attorneys, and merely provided the names, titles, and hourly rates for the individuals. The referee found plaintiff's submission to be insufficient. The court agrees. As such, the special referee's fee reduction of 10% stands.
Accordingly, it is hereby
ORDERED that the special referee's report for attorney's fees is confirmed in part; the special referee's reduction of the fee award by 10%, for plaintiff's failure to provide evidence as to the identity of or the nature and experience of attorneys who billed on the account is confirmed; and it is further
ORDERED that the special referee's report is rejected to the extent the special referee's reduction of the fee award by 10% for block billing is disapproved, and plaintiff's counsel is entitled to recover legal fees incurred as a result of its pursuit of claims in accordance with Section 5.8 the guaranty; and it is further
ORDERED that the 5% reduction in fees for duplicative entries applied by the referee is modified to a total reduction of $1,975; and it is further
ORDERED that within 14 days of the date of this order, counsel for the plaintiff shall submit to the clerk of Part 43 a proposed judgment reflecting this court's modification of the referee's report in accordance with the within decision and order of the court.
DATE 07/13/2023
ROBERT R. REED, J.S.C.